UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MEDIA GROUP, INC., NATIONAL COMMUNICATIONS CORPORATION, HOWE LABORATORIES, INC., AMERICAN DIRECT MARKETING, INC., AMERICAN FOUR, INTERNATIONAL MEDIA, INC., DURALUBE CORPORATION, INC., and HERMAN S. HOWARD, | : : : : : : : : | Civil Action No. 3:03-CV-1017 (JCH) |
| Plaintiffs, | : : | |
| v. | : : | |
| ARENT FOX KINTNER PLOTKIN & KAHN, PLLC and HUNTER CARTER, Esq., | : : : | OCTOBER 23, 2003 |
| Defendants. | : | |

**MEMORANDUM OF DEFENDANT ARENT FOX KINTNER PLOTKIN & KAHN, PLLC IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Arent Fox Kintner Plotkin & Kahn, PLLC ("Arent Fox") submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Dismissal is warranted because, as amply demonstrated below, complete diversity of citizenship is lacking between the parties.

**INTRODUCTION**

Plaintiffs allege they are former clients of the law firm Arent Fox who have brought this suit against the firm and Hunter Carter ("Carter"), a partner in the Firm's New York office.[1] The Complaint, as Amended, seeks damages for alleged malpractice, breach of contract, and violation of a New York legal ethics statute. No federal question is alleged. As demonstrated

below, the Amended Complaint reveals on its face a lack of subject matter jurisdiction because the dispute alleged is between citizens of the same state. This fundamental flaw mandates dismissal.[2]

## STATEMENT OF FACTS

The following facts are not in dispute and appear in the Amended Complaint and in the Declarations attached hereto.

Defendant Arent Fox is a professional limited liability company organized under the laws of the District of Columbia, with offices in Washington, D.C. and New York. *See* Am. Compl. ¶ 9. (The "C" in the "PLLC" suffix to Arent Fox's Firm name stands for "Company," not "Corporation," as Plaintiffs allege. *See* D.C. Code §§ 29-1001, 29-1004 (2003)). The Amended Complaint alleges in ¶ 9, that Arent Fox has its principal place of business in New York.

Plaintiffs Media Group, NCC, Howe, ADM, American Four, International Media, Inc., and DURA LUBE, all have their principal place of business in Connecticut. Am. Compl. ¶¶ 1-7. At least one member of Defendant Arent Fox is a Connecticut resident. Raffa Dec. ¶ 4.[3]

Plaintiffs Media Group and DURA LUBE are incorporated in New York. Am. Compl. ¶¶ 1, 7. At least one member of Defendant Arent Fox is a New York resident. McSherry Dec.

---

[1] Mr. Carter has not yet been served in this action. This motion, however, demonstrates that the case must be dismissed as to all Defendants because of lack of jurisdiction.

[2] This motion does not address other defects in the Amended Complaint or substantive misstatements regarding Plaintiffs' relationship with Defendants, all of which are reserved. The focus of this Motion is the failure of Plaintiffs to invoke the jurisdiction of this Court to resolve these matters.

[3] The Declaration of Connie A. Raffa ("Raffa Dec.") is attached hereto as Exhibit A.

¶¶ 4, 5.[4]

Defendant Carter is a resident and citizen of New York.  McSherry Dec. ¶ 4.

### **STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(1)**

Plaintiffs bear the burden of demonstrating the Court's subject matter jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).  In meeting their jurisdictional burden, Plaintiffs must overcome the presumption that the Court lacks subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Once challenged by a motion to dismiss, Plaintiffs have the burden of proving the Court's subject matter jurisdiction by a preponderance of evidence. *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In determining whether it has subject matter jurisdiction, the Court need not limit itself to the face of the Plaintiffs' Amended Complaint, but may consider facts beyond the pleadings, such as affidavits.  *Robinson v. Government of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001).  If the Court determines it does not have the requisite subject matter jurisdiction, it must dismiss the case.  *Markarova v. United States*, 201 F.3d at 113.

### **ARGUMENT**

#### **THE COURT LACKS SUBJECT MATTER JURISDICTION BECASE THE PARTIES LACK COMPLETE DIVERSITY OF CITIZENSHIP**

It is axiomatic that federal courts are courts of limited jurisdiction and empowered only to hear those cases authorized by statute and the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In this connection, subject matter jurisdiction is "an unwaivable *sine qua non* for the exercise of federal judicial power."  *Herrick Co. v. SCS Communications, Inc.*,

---

[4] The Declaration of William J. McSherry, Jr. ("McSherry Dec.") is attached hereto as Exhibit B.

251 F.3d 315, 321 (2d Cir. 2001) (quoting *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)).  It is therefore recognized in this Circuit that "'jurisdiction is not a game," and that, "as the Supreme Court has made abundantly clear, it is one of the fundamental tenets of our Constitution that only some cases may be brought in federal court.'" *Id.* at 321-22 (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 929 (2d Cir. 1998)).

Here, Plaintiffs have alleged jurisdiction based on "diversity of jurisdiction" [sic] under "28 U.S.C. § 1332(2)" [sic].  Am. Compl. ¶ 10.  Presumably, Plaintiffs mean to invoke the Court's jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a)(1), which confers federal subject matter jurisdiction over civil actions between "[c]itizens of different States."[5]  In order for the Court to exercise its diversity jurisdiction, there must be complete diversity of citizenship on both sides of the action.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).  In other words, "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

For diversity purposes, corporations such as Plaintiffs Media Group, NCC, Howe, ADM, American Four, International Media, Inc., and DURA LUBE, are considered to be citizens of both their state of incorporation and the state in which they have their principal place of business.

---

[5] Section 1332(a)(2), to which Plaintiffs may have intended to refer, confers jurisdiction on disputes between citizens of a state and citizens or subjects of a foreign state.  This section is clearly irrelevant based on the allegations of the Amended Complaint.

28 U.S.C. § 1332(c)(1); *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 190 (1990).  Partnerships, on the other hand, are treated differently: "for purposes of establishing diversity, a partnership has the citizenship of each of its partners." *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d at 322 (citing *Carden*, 494 U.S. at 192-95).  Limited liability companies, such as Arent Fox, are treated as partnerships for diversity purposes. *See Handlesman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing *Carden*, 494 U.S. at 195-96); *accord Hoffman v. Fairfax County Redevelopment and Housing Authority*, 276 F. Supp. 2d 14, 18 (D.D.C. 2003) (holding defendant LLC's attempt at removal based on corporate citizenship rule improper and awarding costs and expenses to plaintiffs, citing *Carden*); *Reisman v. KPMG Peat Marwick LLP*, 965 F. Supp. 165, 176 (D. Mass. 1997).

 Applying this body of well-settled federal law to the jurisdictional allegations of the Amended Complaint, and the declarations submitted herewith, complete diversity is lacking on both sides of the action.  Plaintiffs Media Group, NCC, Howe, ADM, American Four, International Media, Inc., and DURA LUBE, are all citizens of Connecticut because they have principal places of business in Connecticut.  Furthermore, Plaintiffs Media Group and DURA LUBE are also citizens of New York, since they are incorporated in New York.

 The citizenship of Arent Fox is determined by the citizenship of its members, not by a "principal place of business."  Arent Fox is a citizen of Connecticut because at least one of its members resides in Connecticut.  Likewise, Arent Fox is a citizen of New York because at least one of its members resides in New York.  Thus, complete diversity of citizenship is lacking on both sides of the action, and the Court lacks subject matter jurisdiction.

## **CONCLUSION**

    Plaintiffs' Amended Complaint should be dismissed in its entirety because it suffers from an obvious and fatal jurisdictional defect. Plaintiffs have not, and indeed cannot, establish that the Court has subject matter jurisdiction because the sole basis for such jurisdiction – diversity of citizenship – is lacking. Nor does any alternative basis for subject matter jurisdiction exist. As such, the Court should dismiss the Amended Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

                                                                   Respectfully submitted,

Of Counsel:

| | |
|---|---|
| | _____ |
| | Michael G. Considine (ct 16023) |
| Rodney F. Page | Terence J. Gallagher (ct 22415) |
| D.C. Bar No. 37994 | Day, Berry & Howard LLP |
| Bryan Cave LLP | One Canterbury Green |
| 700 13th Street, N.W. | Stamford, CT 06901 |
| Washington, D.C. 20005 | (203) 977-7300 - Voice |
| (202) 508-6000 – Voice | (203) 977-7301 - Fax |
| (202) 508-6200 – Fax | |
| | Attorneys for Defendant, Arent Fox |
| | Kintner Plotkin & Kahn PLLC |

-7-

## CERTIFICATE

This is to certify that a copy of the foregoing was sent via overnight mail, postage prepaid, this 23rd day of October, to:

Alexander H. Schwartz, Esq.
3695 Post Road, P.O. Box 701
Southport, Connecticut  06490

_____
Terence J. Gallagher