UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MEDIA GROUP, INC., NATIONAL | : | Civil Action No. |
| COMMUNICATIONS CORPORATION, | : | 3:03-CV-1017 (JCH) |
| HOWE LABORATORIES, INC., | : | |
| AMERICAN DIRECT MARKETING, INC. | : | |
| AMERICAN FOUR, INTERNATIONAL   : | | |
| MEDIA, INC., DURALUBE CORPORATION, | : | |
| INC., and HERMAN S. HOWARD, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ARENT FOX KINTNER PLOTKIN & KAHN, | : | DECEMBER 4, 2003 |
| PPLC and HUNTER CARTER, Esq. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO  MOTION TO DISMISS THE
AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

### Preliminary Statement

Plaintiffs, and each of them, submit this memorandum of law in opposition to the

motion of defendant Arent Fox Kintner Plotkin & Kahn ("Arent Fox" or "defendant") to

dismiss the amended complaint pursuant to Fed. R. Civ. P 12(b)(1) on the alleged ground

that the parties are not fully diverse.

There is no dispute that this legal malpractice and breach of contract action does

not arise under any federal statute and that diversity is the sole basis for the Court's

subject matter jurisdiction.  But, dismissal is not warranted at this juncture because Arent

Fox has not submitted evidence properly rebutting plaintiffs' allegations of complete diversity between the parties. Amongst other things, defendant has submitted no evidence that one of its members and any plaintiff are domiciliaries of the same state, as opposed to residents of the same state. Accordingly, defendant's motion should be denied as a matter of law, as plaintiffs will demonstrate.

**Statement of Facts**

This action is one for legal malpractice, breach of contract, and certain ethical breaches by Arent Fox, which formerly represented plaintiffs in several legal matters. Plaintiffs filed their initial Summons and Complaint on June 5, 2003 (copy annexed as Exhibit "A" hereto), and subsequently filed an Amended Complaint (copy annexed as Exhibit "B" hereto) on October 3, 2003. The Amended Complaint alleges, upon information and belief, that Arent Fox is a professional limited liability corporation organized under the laws of the District of Columbia with its principal office in New York City.[1] See Am. Cmplt. at ¶ 9.

Plaintiffs Media Group, National Communications Corporation, , Howe Laboratories, Inc., American Direct Marketing, Inc., American Four, International Media, Inc. and Duralube Corporation, Inc. are each corporations having their principal place of business in Connecticut. See Am. Cmplt. at ¶¶ 1-7. Media Group and Duralube Corporation, Inc. are New York State domestic corporations. See Am. Cmplt. at ¶¶ 1 and 7. The remaining corporate plaintiffs are Delaware corporations. See id. at ¶¶ 2-6. Plaintiff Herman Howard is a citizen of Florida. See id. at ¶ 8.

According to her sworn Declaration in support of defendant's motion, Arent Fox partner Connie A. Raffa has been a member of Arent Fox since January 1999, and was a "resident" of Connecticut on October 21, 2003 (i.e., on the date she executed the Declaration). See Exhibit "A" to Def's Mem. in Supp. According to his sworn Declaration

---

[1]     For purposes of this motion, plaintiffs do not dispute defendant's assertion that it is a Professional Limited Liability *Company* with offices somewhere in New York and in Washington, D.C. See Def's Mem. in Supp., at p. 2.

in support of defendant's motion, William J. McSherry, Jr. has been a member of Arent Fox since February 2000, and he and his partner, defendant Hunter Carter, were "residents" of New York State on October 21, 2003 (i.e., on the date McSherry executed his Declaration).  See Exhibit "B" to Def's Mem. in Supp.  The Declarants both averred that Arent Fox is a professional limited liability company organized under the laws of the District of Columbia, with offices in the District of Columbia and New York.  See id.

## Argument

## DEFENDANT HAS SUBMITTED NO EVIDENCE THAT THE PARTIES ARE NON-DIVERSE, AND THUS ITS MOTION MUST BE DENIED.

Plaintiffs do not dispute that they bear the initial burden of proof on the issue of subject matter jurisdiction, or that subject matter jurisdiction is an unwaivable precondition to suit in this Court.  See Lerner v. Fleet Bank, 318 F.3d 113, 128 (2d Cir. 2003); Mattel, Inc. v. Barbie-Club.Com, 310 F.3d 293, 298 (2d Cir. 2002); Universal Licensing Corp. v. Paola Del Lungo, 293 F.3d 579, 581 (2nd Cir. 2002); Herrick Co. v. SCS Communications, Inc., 251 F.3d 315, 321 (2d Cir. 2001); United Food Local 919 v. Centermark Properties, 30 F.3d 298 (2d Cir. 1994).  Nor do plaintiffs dispute that a corporation is domiciled for jurisdictional purposes in its state of incorporation and the state wherein it maintains its principal place of business.  See 28 U.S.C. § 1332(c)(1); Airlines Reporting Corp. v. S and N Travel Inc., 58 F.3d 857 (2d Cir. 1995).  And, finally, plaintiffs accept that Arent Fox is a limited liability company, and that such companies, like partnerships, have the citizenship of each partner for diversity purposes.    See    Herrick Co. v. SCS Communications, Inc., supra, 251 F.3d 315, 322 (2d Cir. 2001); Handlesman v. Bedford Village Assocs. Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir 2000).

Prior to discovery, however, the burden of proof on the issue of subject matter jurisdiction is a "lenient one" that is met, for purposes of defeating a motion to dismiss, by "'legally sufficient allegations of jurisdiction.'"  Mattel, Inc. v. Barbie-Club.Com, supra, 310 F.3d 293, 298 (2d Cir. 2002), quoting Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566-67 (2d Cir. 1996); cf. Milne v. Catuogno Court Reporting Services, Inc., No.

5

3:02CV660, ¶16 (D. Conn. Nov. 19, 2002) (VersusLaw) ("It is... plaintiff's burden to prove

facts establishing that jurisdiction is proper [citation omitted]. *Ordinarily, the plaintiff would*

*have to make only a prima facie showing that jurisdiction is proper.* When... an evidentiary

hearing has been conducted, the plaintiff's burden increases such that he must prove

jurisdictional facts by a preponderance of the evidence [citation omitted]") (emphasis

added). Alternatively stated, absent a "proper challenge," a plaintiff's well-pleaded

complaint will support jurisdiction. See <u>Universal Licensing Corp. v. Paola Del Lungo</u>, 293

F.3d 579, 581 (2d Cir. 2002); <u>Linardos v. Fortuna</u>, 157 F.3d 945, 947 (2d Cir. 1998).

In <u>Universal Licensing</u>, the Second Circuit Court of Appeals opined, as follows,

regarding the parties' respective burdens on the issue of subject matter jurisdiction:

> In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced, see, e.g., Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998), and "[i]t is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction," id. (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522, at 62-65 (2d ed. 1984); 15 J. Moore, Moore's Federal Practice § 102.14, at 102-24 (3d ed. 1998)). **That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with `competent proof' if a party opposing jurisdiction *properly challenges* those allegations . . . or if the court sua sponte raises the question . . . ."** Linardos v. Fortuna,.... 293 F.3d at 581 (emphasis added).

The Court of Appeals does not define a "proper challenge" to plaintiff's pleading in

<u>Universal Licensing</u> or in <u>Linardos v. Fortuna</u>, <u>supra</u>, but, at minimum, one could expect

such a challenge to include competent evidence that one or more plaintiffs and defendants

were *domiciled* in the same state *when the action was commenced.* Diversity jurisdiction

6

is determined on the ground of domicile, and allegations as to residence, such as those

offered by defendant here, are deficient as a matter of law to prove or disprove domicile.

See Adrian Family Partners I, LP v. ExxonMobil Corporation, No. 03-7155, ¶17 (2d Cir.

November 3, 2003) (VersusLaw)[2]; Linardos v. Fortuna, 157 F.3d 945, 948 (2nd Cir. 1998).[3]

Defendant has also failed to submit evidence that one or more of its members was

a domiciliary of Connecticut, New York, or Delaware *when the action was commenced in*

*June 2003* -- another prerequisite to proving or rebutting subject matter jurisdiction.  See

Adrian Family Partners I, LP v. ExxonMobil Corporation, supra, No. 03-7155, ¶18 (2d Cir.

November 3, 2003) (VersusLaw);  Linardos v. Fortuna, supra, 157 F.3d 945, 947-948 (2d

---

[2]    Therein the Court opined in pertinent part, as follows:

> It is well established that "[a] statement of residence, unlike domicile, tells
> the court only  where the parties are living and not of which state they are
> citizens."  John Birch Society v. National Broadcasting Co., 377 F.2d 194,
> 199 (2d Cir. 1967). [Such] **statements... as to residence are insufficient
> to permit an inference as to diversity of citizenship for purposes of
> federal jurisdiction.** See, e.g., id.; Franceskin v. Credit Suisse, 214 F.3d
> 253, 256 (2d Cir. 2000); Canedy v. Liberty Mutual Ins. Co., 126 F.3d 100,
> 102-03 (2d Cir. 1997).  No. 03-7155,  ¶17 (2d Cir. November 3, 2003)
> (emphasis added).

[3]    Therein the Court opined in pertinent part, as follows:

> **For purposes of diversity jurisdiction, a party's citizenship depends
> on his domicile.** See, e.g.,  Gilbert v. David, 235 U.S. 561, 569 (1915).
> Domicile has been described as the place where a person has "his true
> fixed home and principal  establishment, and to which, whenever he is
> absent, he has the intention  of returning." 13B C. Wright, A. Miller & E.
> Cooper, Federal Practice and Procedure ° 3612, at 526 (2d ed. 1984). One
> acquires a "domicile of origin" at birth, which continues until a change in
> domicile occurs.  Mississippi Band of Choctaw Indians v. Holyfield, 490
> U.S. 30, 48 (1989) (internal quotation marks omitted). It is well established
> that in order "to effect a change of one's legal domicil, two things are
> indispensable: First, residence in a new domicil; and, second, the intention
> to remain  there. The change cannot be made, except facto et animo. Both
> are alike necessary. Either without the other is insufficient." Sun Printing &
> Publishing Association v. Edwards, 194 U.S. 377, 383 (1904).  157 F.3d,
> at 948 (emphasis added).

Cir. 1998) ("the existence of diversity jurisdiction depends on the citizenship of the parties at the time the action is commenced"); Nipmuc Properties, LLC v. PDC-El Paso Meriden, LLC, No. 3:01CV2081, ¶13 (D. Conn. June 25, 2002) (VersusLaw) ("'*[i]t is hornbook law that the question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. . . .* If diversity exists at the time of commencement, federal jurisdiction is not defeated if one party subsequently becomes a citizen of the same state as his opponent,'" quoting Linardos v. Fortuna, 157 F.3d 945, 947 [2d Cir. 1998]) (emphasis added).

In sum, defendant has utterly failed to mount a "proper challenge" to subject matter jurisdiction and to raise a cognizable issue as to an alleged lack of complete diversity between the parties. Accordingly, defendant's motion should be denied as a matter of law.

## Conclusion

Defendant's motion for dismissal should be denied in toto because defendant has failed to raise a viable issue of fact as to the lack of diversity jurisdiction in this action.

Dated:  White Plains, NY
        December 10, 2003

                                        Respectfully submitted,

                                        _____
                                        Alfred C. Laub (NY -admitted Pro Hac Vice)
                                        Brophy and Laub, Esqs.
                                        3 Barker Avenue, 3rd Floor
                                        White Plains, NY 10601-1524
                                        Tel:  (914) 863-1112
                                        Fax: (914) 683-8903

                                        Attorneys for Plaintiffs The Media Group,
                                        Inc., National Communications
                                        Corporation, Howe Laboratories, Inc.,
                                        American Direct Marketing, Inc.,
                                        American Four, International Media, Inc.,
                                        Duralube Corporation, Inc., and Herman
                                        S. Howard.

9

## CERTIFICATE

This is to certify that a copy of the foregoing was sent via Facsimile and overnight mail, postage prepaid, this 11th day of December 2003, to:

> Day, Berry & Howard, LLP
> One Canterbury Green
> Stamford, CT 06901

ALFRED C. LAUB

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MEDIA GROUP, INC., NATIONAL COMMUNICATIONS CORPORATION, HOWE LABORATORIES, INC., AMERICAN DIRECT MARKETING, INC. AMERICAN FOUR, INTERNATIONAL MEDIA, INC., DURALUBE CORPORATION, INC., and HERMAN S. HOWARD, | : : : : : : : : | Civil Action No. 3:03-CV-1017 (JCH) |
| Plaintiffs, | : : | |
| v. | : : | |
| ARENT FOX KINTNER PLOTKIN & KAHN, PPLC and HUNTER CARTER, Esq. | : : : | |
| Defendants. | : | |

## CERTIFICATE OF MAILING AND AFFIDAVIT OF SERVICE

This is to certify that a copy of Plaintiffs' Opposition to Motion to Dismiss the Amended Complaint and Plaintiffs' Memorandum in Opposition to Motion to Dismiss were sent via Facsimile and overnight mail, postage prepaid, this 11th day of December 2003, to:

Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

_____
ALFRED C. LAUB

Sworn to before me
ON this 12th day of December, 2003

_____
NOTARY PUBLIC

NANCY NAUMAN
Notary Public, State of New York
No. 4930293
Qualified in Westchester County
Commission Expires May 9, 20__

**3:03 cv 1017 (JCH)**

**Alfred Laub**
**Brophy and Laub, Esqs.**
**3 Barker Avenue, 3rd Floor**
**White Plains, NY 10601**

