UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MEDIA GROUP, INC., NATIONAL | : | Civil Action No. |
| COMMUNICATIONS CORPORATION, | : | 3:03-CV-1017 (JCH) |
| HOWE LABORATORIES, INC., | : | |
| AMERICAN DIRECT MARKETING, INC., | : | |
| AMERICAN  FOUR, INTERNATIONAL | : | |
| MEDIA, INC., DURALUBE CORPORATION, | : | |
| INC., and HERMAN S. HOWARD, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ARENT FOX KINTNER PLOTKIN & KAHN, | : | JANUARY 7, 2004 |
| PLLC and HUNTER CARTER, Esq., | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF DEFENDANT ARENT FOX KINTNER
PLOTKIN & KAHN, PLLC IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant Arent Fox Kintner Plotkin & Kahn, PLLC ("Arent Fox") submits this Reply

Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter

jurisdiction.  Plaintiffs' opposition has done nothing to change the fundamental lack of diversity

of citizenship between the parties.  Dismissal for lack of subject matter jurisdiction is warranted.

**STATEMENT OF FACTS**

Plaintiffs do not dispute the following facts: Defendant Arent Fox is a professional

limited liability company organized under the laws of the District of Columbia, with offices in

Washington, D.C. and New York.  *See* (Plaintiffs' Memorandum In Opposition "Op. Brf." at 3

n.1, Amended Complaint "Am. Compl." ¶ 9).  Plaintiffs Media Group, NCC, Howe, ADM,

American Four, International Media, Inc., and DURA LUBE, all have their principal place of business in Connecticut. (Op. Brf. at 3, Am. Compl. ¶¶ 1-7). Plaintiffs Media Group and DURA LUBE are incorporated in New York. (Op. Brf. at 3, Am. Compl. ¶¶ 1, 7).

At least one member of Defendant Arent Fox is, and at the commencement of this litigation was, a Connecticut resident, domiciliary and citizen. Raffa Second Dec. ¶ 2.[1] Further, at least one member of Defendant Arent Fox is, and at the commencement of this litigation was, a New York resident, domiciliary and citizen. McSherry Second Dec. ¶ 2.[2]

## ARGUMENT

Plaintiffs' sole response to the motion to dismiss for lack of subject matter jurisdiction due to lack of complete diversity is that Arent Fox has not submitted evidence that its members are, and were at the commencement of this action, "domiciliaries" of the states in question. (Plaintiffs' Memorandum in Opposition "Op. Brf." at 2, 6).

Specifically, Plaintiffs contend that they are only required to make a *prima facie* showing of jurisdiction and that it is defendants' burden to make a "proper" jurisdictional challenge by allegation of a party's domicile as of the commencement of the action. (Op. Brf. at 6). Plaintiffs concede that the citizenship of a limited liability company such as Arent Fox is determined by reference to the citizenship of each of its members. (Op Brf. at 5). Plaintiffs further concede that as corporate entities they are citizens of both their states of incorporation and the state of their principal place of business. Id.

---

[1] The Second Declaration of Connie A. Raffa ("Raffa Second Dec.") is attached hereto as Exhibit A.

[2] The Second Declaration of William J. McSherry, Jr. ("McSherry Dec.") is attached hereto as Exhibit B.

-3-

As demonstrated in Arent Fox's moving brief, Plaintiffs bear the burden of demonstrating the Court's subject matter jurisdiction by a preponderance of the evidence. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In determining whether it has subject matter jurisdiction, the Court need not limit itself to the face of the Plaintiffs' Amended Complaint, but may consider facts beyond the pleadings, such as affidavits. *Robinson v. Government of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001). If the Court determines it does not have the requisite subject matter jurisdiction, it must dismiss the case. *Markarova v. United States*, 201 F.3d at 113

Clearly, Plaintiffs have not met their burden of establishing this Court's jurisdiction. The supplemental declarations clarify that members of Arent Fox were citizens, domiciliaries and residents of New York and Connecticut both now and at the time of the commencement of this action. Plaintiffs are also citizens of New York and Connecticut and therefore diversity of citizenship does not exist. The jurisdictional allegations of the Amended Complaint are insufficient and plaintiffs have not and cannot cure this defect.

-4-

## CONCLUSION

For the reasons set forth above, the Amended Complaint should be dismissed in its

entirety for lack of subject matter jurisdiction.

                                        DEFENDANT ARENT FOX KINTNER
                                        PLOTKIN & KAHN, PLLC


Of Counsel:                             _____
                                        Michael G. Considine (ct 16023)
Rodney F. Page                          Terence J. Gallagher (ct 22415)
D.C. Bar No. 37994                      Day, Berry & Howard LLP
Bryan Cave LLP                          One Canterbury Green
700 13th Street, N.W.                   Stamford, CT  06901
Washington, D.C.  20005                 (203) 977-7300 - Voice
(202) 508-6000 – Voice                  (203) 977-7301 - Fax
(202) 508-6200 – Fax


                                        Its Attorneys


-4-

-5-

## CERTIFICATE

This is to certify that a copy of the foregoing was sent via overnight mail, postage prepaid, this 7th day of January, 2004, to:


Alexander H. Schwartz, Esq.
3695 Post Road, P.O. Box 701
Southport, Connecticut  06490

Alfred C. Laub, Esq.
Brophy & Laub
3 Barker Avenue, 3rd Floor
White Plains, NY 10601-1524


_____
Terence J. Gallagher