UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE MEDIA GROUP, ET AL, | : | |
|     Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | 3:03-cv-1017 (JCH) |
| | : | |
| ARENT FOX KITNER PLOTKIN & | : | |
| KAHN, PPLC, ET AL, | : | |
|     Defendants. | : | JANUARY 23, 2004 |

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

Defendants Arent Fox Kitner Plotkin & Kahn, PPLC ("Arent Fox") and Hunter Carter, Esq., move this court to dismiss the complaint for lack of subject matter jurisdiction. For the following reasons, the motion is granted.

**I.     BACKGROUND**

Plaintiffs The Media Group, Inc. ( "Media Group"), National Communications Corp. ("NCC"), Howe Laboratories, Inc. ("Howe"), American Direct Marketing ("ADM"), American Four, International Media, Inc., Dura Lube Corp., Inc., and Herman S. Howard, the principal or sole shareholder of the foregoing corporations, bring this suit against their alleged former attorneys, Arent Fox and Hunter Carter. The plaintiffs allege claims of malpractice, breach of contract, and violation of New York Judiciary Law § 487.

The plaintiffs further allege jurisdiction in this court based on diversity of citizenship. According to the complaint, Media Group and Dura Lube are incorporated in New York and have their principal places of business in Connecticut; plaintiffs NCC, Howe, ADM, American Four, and International Media are incorporated in Delaware and have their

principal places of business in Connecticut; Howard is a Florida citizen. The plaintiffs allege that Arent Fox is a Professional Limited Liability Company ("PLLC") organized under the laws of New York and the District of Columbia,[1] with principal places of business in both states, and that Carter is admitted to practice in New York and the District of Columbia.

On October 23, 2003, the defendants filed a motion to dismiss, arguing that on the face of the complaint as well as in fact, there is not complete diversity of citizenship between the parties and that the court thus lacks subject matter jurisdiction to entertain the action. The defendants note that unlike corporations, limited liability companies ("LLCs") are treated as partnerships for the purposes of citizenship and are thus deemed to be citizens of all states in which their partners reside. The defendants further argue that because at least one member of Arent Fox resides in Connecticut, and at least one resides in New York, the firm is a citizen of Connecticut and New York, and because the plaintiff corporations are all citizens of either Connecticut or New York, complete diversity is lacking.

## II.   DISCUSSION

Federal subject matter jurisdiction exists in a civil action where the matter in controversy exceeds $75,000, and where there is complete diversity between the parties, meaning that the plaintiff cannot be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); see also, Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978);

---

[1] The defendants respond that the firm is organized under the laws of the District of Columbia, with New York and D.C. offices. Defs.' Mem. in Supp. of Summ. J. [Dkt. No. 5] at 2. The plaintiffs accept this statement in their Opposition. Pls.' Opp. [Dkt. No. 19] at 5.

<u>Handelsman v. Bedford Village Associates, Ltd.</u>, 213 F.3d 48, 51 (2d Cir. 2000).

For purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C § 1332(c).  Here, plaintiffs allege that Media Group and Dura Lube are incorporated in New York and thus New York citizens.  The complaint further alleges that all of the corporate plaintiffs have their principal places of business in Connecticut, making them citizens of Connecticut.

Arent Fox is a professional limited liability company.  The Second Circuit has held that for purposes of determining diversity jurisdiction, an LLC's citizenship that of its members.  <u>See</u> <u>Handelsman</u>, 213 F.3d at 51 (citing <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir.1998)).  Arent Fox submits two affidavits from a members of its New York office, one swearing that she is a citizen of Connecticut, and was at the time the Complaint was filed, the other swearing that he is a citizen of New York, and was at the time that the Complaint was filed.  <u>See</u> Second Decl. of Connie A. Raffa and Second Decl. of William J. McSherry, Defs.' Reply, Ex. A and B [Dkt. No. 20].  As a result, there is no complete diversity of citizenship between the parties, and this court lacks subject matter jurisdiction.

### III.     CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction [Dkt. No. 4] is GRANTED.  The clerk is directed to close this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of January, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge